IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHINA ANNE McCLAIN and<br>JOHNNIE GARRETT, # N-20411,<br><br>Plaintiffs,<br><br>vs.<br><br>ATTORNEY GENERAL of the STATE<br>of ILLINOIS,<br>PEOPLE of the STATE of ILLINOIS,<br>and WARDEN of PINCKNEYVILLE,<br><br>Defendants. | Case No. 13-cv-1087-MJR |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Johnnie Garrett is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where he is serving a 25-year sentence for aggravated arson. Plaintiff Garrett filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, and the complaint is signed by him only. In addition to this case, Plaintiff Garrett recently filed two other actions in this Court: a habeas corpus action under 28 U.S.C. § 2254 (*Garrett v. Warden, et al.*, Case No. 13-cv-1082-DRH), which was dismissed upon preliminary review on November 12, 2013; and another habeas petition invoking 28 U.S.C. § 2241 (*McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1103-DRH). The latter case is also undergoing a preliminary merits review by the Court.

The instant complaint consists of disjointed general claims of mistreatment directed at Plaintiff Garrett, and does not describe any incidents involving his listed co-Plaintiff, China Anne McClain. As there is no suggestion herein that Ms. McClain's civil rights were

violated, and because she did not sign the complaint, the Court shall construe this action as being brought by Plaintiff Garrett alone. Therefore, the designation of "Plaintiff" in this Order shall refer only to Mr. Garrett. Furthermore, because Ms. McClain herself has not taken any affirmative steps to participate in this lawsuit, and because Plaintiff Garrettt may have added her name to the complaint without her consent, Ms. McClain shall not be assessed a separate filing fee for this action.

Plaintiff's one-page statement of claim makes vague, general allegations that "the people of the State of Illinois are professional criminal[s], we break the law and Rules and get away with it, we know how to type up motion[s] to hold people in prison like they came from court" (Doc. 1, p. 5). He continues, "we can stop your mail from going to court . . . we can have an inmate beat you up . . . send you to Segregation for nothing . . . move you around until you lose all your property . . . we must keep on mistreating you and keep you on Disability!" *Id*. In the section where Plaintiff is asked to describe the steps he took to present his claims through the prison grievance procedure, he also makes reference to "prison authorities [who] have inmates working for them to commit assault and crime for them" (Doc. 1, p. 4). He continues, "they would find out I was trying to put in lawsuits, [and] put me in cell to get beat up by inmates[.]" *Id*. He indicates that this "attempted assault" is continuing. Plaintiff also refers to stolen mail.

In his request for relief, he asks the President of the United States to answer the complaint, and states he will move for default judgment if this is not done. He then asks the Court to: "1. Cut the time down and Small Lawsuits[;] 2. No time cut and Big Lawsuits [;] 3. Expunge all records from internet and never bring them back up" (Doc. 1, p. 6). Finally, he attaches a list of 108 complaints he has purportedly filed (Doc. 1, pp. 11-17). Each page bears the heading, "Ms. China Anne McClain: 5-28-13 – Copy Rights." The first listed complaint is

"Age Discrimination in Employment Political Cases," and the final item is "Gifts of Fund on Deposit to Bank Account Cases." (Doc. 1, pp. 12, 16).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that it fails to state any constitutional claim upon which relief may be granted. The complaint shall therefore be dismissed without prejudice.

Plaintiff makes general statements of improper and possibly unconstitutional

actions by unspecified people, but never indicates what, if any, wrongs were inflicted upon him personally. Nor does he identify any individual whose actions allegedly violated his constitutional rights.

> Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1)[1] states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993).

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). In the instant complaint, none of the allegations connect any Defendant to any specific conduct directed at Plaintiff.

Furthermore, "The People of the State of Illinois" cannot be named as a Defendant in a civil rights action. In an action brought pursuant to 42 U.S.C. § 1983, a plaintiff "must show that the alleged [constitutional] deprivation was committed by *a person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). If Plaintiff's constitutional rights have been violated during his imprisonment, he must pursue his claim against the prison official whose conduct caused the violation, not against the State of Illinois or

---

[1] Due to subsequent amendments to Rule 8, the requirement that a pleading be concise and direct is now found in Rule 8(d)(1), which states: "Each allegation must be simple, concise, and direct. No technical form is required."

its entire population. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, unless the Illinois Attorney General or the Pinckneyville Warden personally engaged in conduct that violated Plaintiff's constitutional rights, they cannot be held liable in a civil rights action.

Although the complaint fails to state a claim, Plaintiff suggests that some prison official(s) may have placed him at risk of attack by other inmates, retaliated against him for bringing lawsuits or complaints, and/or unconstitutionally interfered with his mail. Therefore, in order to determine whether Plaintiff may have any viable constitutional claim(s), the Court shall allow him one opportunity to submit an amended complaint. The amended complaint shall present specific factual allegations to support his claim(s) of one or more of the above constitutional violations. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

Plaintiff shall also note that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b), (g)). Therefore, if the amended complaint contains such unrelated claims, they may be subject to severance into a separate action. If severance is ordered, Plaintiff shall have an opportunity to voluntarily dismiss the severed case if he does not wish to proceed on the severed claim or incur an additional filing fee.

**Disposition**

IT IS HEREBY ORDERED that the complaint (Doc. 1) is **DISMISSED** without prejudice. The **PEOPLE of the STATE of ILLINOIS** are **DISMISSED** from this action with prejudice. Plaintiff **CHINA ANNE McCLAIN** is **DISMISSED** from this action without prejudice, and shall not be assessed a filing fee for this case.

IT IS FURTHER ORDERED that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claim and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before **January 6, 2014**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2013**

s/ MICHAEL J. REAGAN<br>United States District Judge